

UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

WESTERN DIVISION

| | |
|---|---|
| WALLACE ARTHUR BEANE,<br><br>Petitioner,<br>vs.<br><br>UNITED STATES OF AMERICA,<br><br>Respondent. | 5:21-CV-05006-CBK<br><br>**ORDER DENYING MOTION TO VACATE, SET ASIDE, OR CORRECT SENTENCE AND ORDER DENYING CERTIFICATE OF APPEALABILITY** |

Petitioner pleaded guilty to production of child pornography. He was sentenced by the Hon. Jeffrey L. Viken to 360 months imprisonment on July 29, 2016. He appealed his conviction and sentence to the United States Court of Appeals for the Eighth Circuit. The appeal was dismissed on motion of the government based upon petitioner's waiver of his right to appeal, which he agreed to in the plea agreement.

Petitioner has filed a motion to vacate, set aside, or correct his conviction and sentence pursuant to 28 U.S.C. § 2255, contending that he received ineffective assistance of counsel at sentencing. I have conducted an initial consideration of the motion, as required by Rule 4 of the Rules Governing Section 2255 Proceedings for the United States District Courts.

## DECISION

Pursuant to the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), Pub. L. No. 104-132, 28 U.S.C. § 2255:

> A 1-year period of limitation shall apply to a motion under this section. The limitation period shall run from the latest of--
> (1) the date on which the judgment of conviction becomes final;
> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the

>Supreme Court and made retroactively applicable to cases on collateral review; or
>(4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

Any motion to vacate pursuant to 28 U.S.C. § 2255 is untimely unless petitioner can set forth a basis for tolling the one-year limitations period.

Petitioner's conviction became final over four years prior to the time it was filed. He claims that he directed his attorney to file an appeal, counsel failed to file an appeal, and petitioner did not become aware that counsel failed to file an appeal until four years after his conviction and sentence. "[A] petitioner is entitled to equitable tolling only if he shows (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing." Holland v. Florida, 560 U.S. 631, 130 S.Ct. 2549, 2562, 177 L.Ed.2d 130 (2010) (internal quotation marks omitted). Petitioner contends his motion was filed late because his attorney failed to file a direct appeal. That is not true. Counsel did file a direct appeal on petitioner's behalf, despite the fact that petitioner waived his right to appeal. A diligent person in petitioner's circumstances would have discovered that the appeal was filed and dismissed well before four years had elapsed.

In any event, petitioner's claim that counsel was ineffective in failing to challenge the presentence report must fail. Petitioner contends that the district judge "could hardly believe the fact that the attorney didn't challenge the presentence report." That sentence is patently false. Judge Viken observed that the report was "appropriately unobjected to." The sentencing record shows that counsel ably argued for the least sentence the judge could impose. The defendant's sentencing range was 360 – life, based upon a total offense level of 41 and a criminal history category of IV. The statutory maximum sentence was 360 months. The offense involved children as young as seven years old who were drugged or provided alcohol prior to being photographed with petitioner's erect penis. Petitioner contended that he was not in control of the situation but counsel ably argued that he nonetheless should continue to receive the adjustment for acceptance of

responsibility. Had petitioner been denied the adjustment, the guideline range would have been life imprisonment.

Petitioner included with his motion to vacate a Freedom of Information Act ("FOIA") request for his defense attorney's credit report. Federal courts are not subject to provisions of the FOIA. 5 U.S.C. § 551(1)(B).

## ORDER

Now, therefore,

**IT IS ORDERED** that motion to vacate, set aside, or correct sentence is denied.

## TO THE UNITED STATES COURT OF APPEALS FOR THE EIGHTH CIRCUIT:

Petitioner filed a motion to vacate, set aside, or correct his conviction and sentence for production of child pornography, contending that he had received ineffective assistance of counsel at sentencing. Following initial review, the motion was denied as untimely and on the merits.

Pursuant to 28 U.S.C. § 2253(c)(1), an appeal from an order denying a motion to vacate may not be taken unless a judge issues a certificate of appealability. A certificate of appealability may issue only if the applicant has made a substantial showing of the denial of a constitutional right. Petitioner did not and has not made a substantial showing of the denial of a constitutional right.

**IT IS HEREBY CERTIFIED** that there does not exist probable cause of an appealable issue with respect to the Court's order denying petitioner's motion to vacate. This in no way hampers the petitioner's ability to request issuance of the certificate by a circuit judge pursuant to Fed. R. App. P. 22.

DATED this 22nd day April, 2022.

BY THE COURT:

CHARLES B. KORNMANN
United States District Judge